GARDEPHE, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

BERTON M. HOCHFELD and
HOCHFELD CAPITAL MANAGEMENT, L.L.C.,

        Defendants,

        and

HEPPELWHITE FUND, LP,

        Relief Defendant.

JUDGE GARDEPHE

Civil Action No.

12 CV 8202

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/12

---

## JUDGMENT FOR NON-MONETARY RELIEF AS TO DEFENDANT BERTON M. HOCHFELD

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Berton M. Hochfeld ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C.§ 80b-3(f)], by willfully seeking to become, or to be, associated with an investment adviser without the consent of the Commission while being barred from associating with any broker, dealer or investment adviser.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined, pursuant to Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], from violating the Commission Order dated January 20, 2006, In the Matter of Berton M. Hochfeld, A.P. File No. 3-12154, barring him from association with any broker, dealer or investment adviser.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and (2) of the Advisers Act [15 U.S.C. § 80b-6(1), (2)], by using the mails or means or instrumentalities of interstate commerce:

 (1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

 (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6 (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, while serving as an investment adviser to a pooled investment vehicle, including:

 (1) to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT:

A. Defendant and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist including, but not limited to:

    i. The cash held and maintained in JP Morgan/Chase account #3007914418; and

    ii. The cash held and maintained in Wells Fargo account #2000019667681.

B. That any financial or brokerage institution or other person or entity holding any funds or other assets in the name of, for the benefit of, or under the control of the Defendant, his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

5

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that, the Defendant and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from April 1, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant

will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to provide a full accounting of any and all funds or other assets or things of value presently held by Defendant, under his control or over which he exercises actual or apparent investment or other authority, in whatever form such assets may presently exist, and to certify, in writing, compliance with the undertaking set forth above. The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Brian O. Quinn, Assistant Director in the Securities and Exchange Commission's Enforcement Division, with a copy to the Office of Chief Counsel of the

Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XII.

RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: Nov. 13, 12

*Paul ↑ Rudolph*
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

8