USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BERTON M. HOCHFELD and
HOCHFELD CAPITAL MANAGEMENT, L.L.C.,

    Defendants,

and

HEPPELWHITE FUND, LP,

    Relief Defendant.

---

ECF CASE

12-CV-8202 (PGG)

FINAL JUDGMENT

## FINAL JUDGMENT AS TO DEFENDANT BERTON M. HOCHFELD

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Berton M. Hochfeld ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (1)    to employ any device, scheme, or artifice to defraud;

    (2)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (3)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 203(f) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C.§ 80b-3(f)], by willfully seeking to become, or to be, associated with an investment adviser without the consent of the Commission while being barred from associating with any broker, dealer or investment adviser.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined, pursuant to Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], from violating the Commission Order dated January 20, 2006, *In the Matter of Berton M. Hochfeld*, A.P. File No. 3-12154, barring him from association with any broker, dealer or investment adviser.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and (2) of the Advisers Act [15 U.S.C. § 80b-6(1), (2)], by using the mails or means or

instrumentalities of interstate commerce:

- (1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

- (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6 (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, while serving as an investment adviser to a pooled investment vehicle, including:

- (1) to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

- (2) to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement, on a joint and several basis with Defendant Hochfeld Capital Management, L.L.C., of $1,785,332, representing profits gained as a result of the conduct alleged in the Complaint. Defendant's payment of disgorgement shall be deemed satisfied by the $2,110,536 criminal forfeiture order entered against him in the criminal case before the United States District Court for the Southern District of New York, titled *United States v. Hochfeld*, No. 13 CR 021 (the "Parallel Criminal Action"). No civil penalty is being imposed in light of the Judgment entered against Defendant on August 6, 2013, in the Parallel Criminal Action, pursuant to which Defendant was sentenced to a term of imprisonment of two years and ordered to pay criminal forfeiture of $2,110,536.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _Jan. 21_, _2014_

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE : 
COMMISSION, :
:
Plaintiff, :
: ECF CASE
v. :
: 12-CV-8202 (PGG)
BERTON M. HOCHFELD and :
HOCHFELD CAPITAL MANAGEMENT, L.L.C., : CONSENT
:
Defendants, :
:
and :
:
HEPPELWHITE FUND, LP, :
:
Relief Defendant. :
:

---

## CONSENT OF DEFENDANT BERTON M. HOCHFFELD

1. Defendant Berton M. Hochfeld ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Hochfeld*, No. 13 CR 021 (S.D.N.Y.) (the "Parallel Criminal Action"), Defendant pleaded guilty to violations of 18.U.S.C. § 1343 and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5. In connection with that plea, Defendant admitted, *inter alia*, that for a period of at least 23 months, he misappropriated from a hedge fund he managed more than $1.5 million, and caused monthly statements to be sent to the hedge fund's investors that falsely inflated the value of the fund. This Consent shall remain in full

1

force and effect regardless of the existence of outcome of any further proceedings in the Parallel Criminal Action.

    3.    Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    (b) permanently restrains and enjoins Defendant from violating Section 17(a)(1), (2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1), (2) and (3)];

    (c) permanently restrains and enjoins Defendant from violating Sections 203(f), 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-3(f), 80b-6(1) and 80b-6(2)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

    (d) permanently restrains and enjoins Defendant, pursuant to Section 209(d) of the Advisers Act, from violating the Securities and Exchange Commission Order dated January 20, 2006, *In the Matter of Berton M. Hochfeld*, A.P. File No. 3-12154, barring him from association with any broker, dealer or investment adviser;

    (e) orders Defendant to pay disgorgement, on a joint and several basis with Defendant Hochfeld Capital Management, L.L.C., in the amount of $1,785,332; but provides that such amount shall be deemed satisfied

by the $2,110,536 criminal forfeiture order entered against Defendant in the Parallel Criminal Action.

4. Defendant acknowledges that no civil penalty is being imposed in light of the Judgment entered against Defendant on August 6, 2013, in the Parallel Criminal Action, pursuant to which Defendant was sentenced to a term of imprisonment of two years and ordered to pay a criminal forfeiture of $2,110,536.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.   Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges his guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be

4

made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.   Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.   In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _[signature]_
BERTON M. HOCHFELD

On _Oct 24_, 2013, _Bert Hochfeld_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_[signature]_
Notary Public
Commission expires: _Feb 28, 2014_

LAJUAN T. WRIGHT
Notary Public, State of Connecticut
My Commission Expires 02-28-2014

Approved as to form:

_[signature]_
Roland Riopelle, Esq.
Sercarz & Riopelle, LLP
810 Seventh Avenue, Suite 620
New York, New York 10019
Attorney for Defendant

6